IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DIRECTV, INC.,**

    **Plaintiff,**

**v.**                                                                             **NO. CIV-03-0872 RB/LAM**

**GEORGE CANTORE,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Amend Complaint (*Doc. 27*). The Court has reviewed the motion, Defendant's response to the motion, Plaintiff's reply to Defendant's response and relevant authorities. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. The Court **FINDS** that the motion is well-taken and should be **GRANTED**.

Plaintiff DIRECTV, Inc. (hereinafter, "DIRECTV") brought this case alleging that Defendant George Cantore (hereinafter, "Cantore") violated federal and state law by illegally intercepting DIRECTV's satellite communications through the use of an electronic device or devices. *See Initial Pretrial Report (Doc. 21) at 1-3 and Complaint (Doc. 1).* In its original complaint, DIRECTV seeks damages and injunctive relief pursuant to 47 U.S.C. § 605, 18 U.S.C. § 2511, 18 U.S.C. § 2512, 18 U.S.C. § 2520, and state conversion law. *See Complaint (Doc. 1).* Cantore contends that the mere purchase or possession of the device at issue is not unlawful and that DIRECTV must establish actual misappropriation of its satellite signal by Cantore to recover civil damages. *See Initial Pretrial Report (Doc. 21) at 3.* Cantore also contends that he has never unlawfully intercepted DIRECTV's

signal, has not committed any other act that would allow DIRECTV to recover civil damages from him, and that the device at issue was not purchased for his use but was purchased with his credit card for a third-party. (*Id.*)

DIRECTV moves to amend its complaint to: (1) add additional factual allegations regarding Cantore's alleged purchase of devices and equipment described as "Pirate Access Devices" and his alleged use of such devices and equipment to surreptitiously pirate Plaintiff's satellite signals; and (2) delete its claim for damages pursuant to 18 U.S.C. § 2512. DIRECTV argues that all of the claims asserted in the proposed amended complaint arose out of the same conduct, transactions or occurrences set forth or attempted to be set forth in its original complaint. Cantore opposes the motion, arguing that DIRECTV should not be allowed to amend its complaint to add new claims it was clearly aware of when the original complaint was filed. Cantore also argues that allowing DIRECTV to amend its complaint will require Cantore to unnecessarily conduct additional discovery and incur additional expense, will prejudice his case and will be unjust and inequitable.

After a responsive pleading has been served, a plaintiff may amend the complaint only by leave of court or upon written consent of the adverse parties. FED. R. CIV. P. 15(a). Leave to amend shall be freely granted when justice so requires. *Id.* However, leave to amend may be denied upon a showing of undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While there has been some delay by DIRECTV in moving to amend its complaint, it does not rise to the level of substantial, unjustified delay that would justify denying DIRECTV's motion.

DIRECTV attributes its delay in moving to amend its complaint to the fact that Cantore's name was misspelled as "Contore" on a packing slip seized in a raid on a vendor of Pirate Access Devices causing this lawsuit to be filed against Cantore as "George Contore." This misspelling was corrected by the Court's Order Amending Caption (*Doc. 23*) filed on June 2, 2004. Upon correction of the misspelling, DIRECTV contends it discovered that three additional packing slips in the name of "George Cantore", which form the basis for the factual allegations it seeks to add to its complaint, pertained to Cantore. DIRECTV then filed, within the deadline for amendments to pleadings established by the Court[1], its motion to amend the complaint to add factual allegations concerning the three packing slips. The Court finds that DIRECTV acted reasonably promptly, and within the Court's deadline for amending the pleadings, in moving to amend its complaint following the correction of Cantore's name and DIRECTV's discovery of the additional evidence in Cantore's correct name.

Cantore will be not be unduly prejudiced by DIRECTV's proposed amendments to the complaint. DIRECTV seeks to add new factual allegations to the complaint regarding the three additional packing slips but does not seek to add new causes of action. Additionally, DIRECTV seeks to delete Count 3 from the complaint which alleges a cause of action against Cantore for damages under 18 U.S.C. § 2512. Discovery will remain open in this case until October 17, 2004, and DIRECTV is obligated under the Federal Rules of Civil Procedure to supplement its disclosures and responses to written discovery with pertinent information concerning the factual allegations it seeks to add to the complaint.

---

[1]*See Order Assigning Standard Track and Setting Pretrial Deadlines (Doc. 19).*

In connection with DIRECTV's motion, the Court finds there is no evidence of undue delay, bad faith, dilatory motive on the part of the DIRECTV, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to Cantore by virtue of allowance of the amendment or futility of the amendment. Accordingly, the Court finds that DIRECTV should be given the opportunity to amend its complaint and its motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (*Doc. 27*) is **GRANTED** and **DIRECTV** is granted leave to file and serve the first amended complaint attached as Exhibit A to its Motion to Amend Complaint (*Doc. 27*) **within five (5) days after entry of this Memorandum Opinion and Order.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**